# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5074 | **DATE** | August 5, 2011 |
| **CASE TITLE** | *Grant v. LTD Financial Services* | | |

**DOCKET ENTRY TEXT:**

Pro se plaintiff Germaine Grant's motion for leave to proceed in forma pauperis [3] is granted. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint is dismissed without prejudice for failure to state a claim. Mr. Grant may file an amended complaint by 8/26/11. He should ensure that he attaches any documents he wishes to have the court consider as part of his complaint, and should also describe how he believes each defendant individually violated the law. If he fails to file an amended complaint by 8/26/11, the court will close this case. If Mr. Grant wishes to do so, he may make an appointment with the Pro Se Self Help Assistance Desk attorney by calling (312) 435-5691.

■ [ For further details see text below.]   Docketing to Mail Notices.

## STATEMENT

      Pro se plaintiff Germaine Grant seeks leave to proceed in forma pauperis. The court finds that Mr. Grant is indigent and thus grants his motion [3]. Turning to Mr. Grant's complaint, the court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A complaint's request for relief must be "'plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A complaint meets this standard when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[N]aked assertions devoid of further factual enhancement" are insufficient. *Id*. at 1949 (internal quotation marks omitted).

      Because Mr. Grant is proceeding pro se, the court has construed his filings liberally. He appears to be contending that the four defendants violated federal and state law when they attempted to collect a debt. The complaint, however, refers to exhibits that are not attached. For example, Mr. Grant alleges that he received a "validation letter and a Notice of Dispute" and that this document is attached as Exhibit A, but the complaint

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

does not have any exhibits. *See* Complaint at ¶ 11. The complaint also does not provide any details regarding each defendants' allegedly wrongful conduct. Instead, the complaint alleges legal conclusions, such as "Defendants violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of any debt." *Id*. at ¶24(a).

While Mr. Grant is not required to present his evidence at this stage of the proceedings, he must allege enough details so the court can understand the contours of his claims against each defendant and – when accepting the allegations as true for the purposes of evaluating the complaint – draw a reasonable inference that the defendants are liable. The current complaint fails to meet this standard. Thus, it is dismissed. Mr. Grant may file an amended complaint by August 26, 2011. He should ensure that he attaches any documents he wishes to have the court consider as part of his complaint, and should also describe how he believes each defendant individually violated the law. He should not refer to a "defendant" or "defendants" and, instead, should use the defendants' names and describe the specific conduct that each defendant allegedly engaged in. If he fails to file an amended complaint by August 26, 2011, the court will close this case.